UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHANIENCE[1] FORD, KEVIN HENSEY AND VADIM KOSTYUKHIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

VIZIO, INC.,

Defendant.

CIVIL ACTION
NO. 11-12187-WGY

February 28, 2013

ORDER

On December 17, 2012, Plaintiffs filed a motion requesting that this Court reconsider its termination of their case, Mot. Shaniece Ford, Kevin Hensey & Vadim Kostyukhin Reconsider Court’s Dec. 6, 2012 Order Den. Mot. Leave File Second Am. Class Action Compl., ECF No. 49, and presented to the Court for the first time a claim for negligent omission of material facts, Mem. Supp. Mot. Shaniece Ford, Kevin Hensey & Vadim Kostyukhin Reconsider Court’s Dec. 6, 2012 Order Den. Mot. Leave File

[1] The Court here notes the disparity in the spelling in the first putative class representative’s first name. The docket lists her name as “Shanience,” but Plaintiffs have consistently used the appellation “Shaniece” in their filings with the Court. Although the Court presumes that the latter form is correct, it leaves undisturbed the present spelling in the caption purely for the purpose of administrative simplicity.

Second Am. Class Action Compl. ("Pls.' Mem.") 9-10, ECF No. 51. Intrigued by this new potential cause of action, the Court entered an order two days later inviting VIZIO to provide additional briefing to assist the Court in its determination of whether Plaintiffs had stated an actionable claim. Order 1-2, ECF No. 52.[2]

Having had the opportunity to more closely review the prevailing standard governing the treatment of motions for reconsideration, the Court admits that it acted improvidently in entertaining Plaintiffs' putative claim. Courts are advised against revisiting an earlier decision to dispose of a case unless exceptional circumstances so require. See Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). The First Circuit has recognized that such exceptional circumstances are at play only where "the moving party presents newly discovered evidence, . . . there has been an intervening change in the law, or . . . the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Courts

[2] In its December 19, 2012, order, the Court also reaffirmed its dismissal of Plaintiffs' claims for breach of express warranty, fraudulent misrepresentation and omission, and violation of Massachusetts General Laws chapter 93A. Id. at 1. Though it did not explicitly dismiss Plaintiffs' sole remaining claim for unjust enrichment, the Court later clarified that it had done so implicitly. See Elec. Order, Jan. 7, 2013, ECF No. 57.

may not grant a motion for reconsideration, however, if doing so would simply serve as "a vehicle for a party to undo its own procedural failures [or] . . . to advance arguments that could and should have been presented to the district court prior to judgment." Id. (alteration in original) (quoting Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006)) (internal quotation marks omitted).

Plaintiffs have not attempted to claim coverage under any of the exceptions announced above. Rather, Plaintiffs' briefs advance arguments that speak only to the proposition that VIZIO ought be held liable for the negligent omission of certain design and manufacture defects in the televisions at issue. See Pls.' Mem.; Resp. Shaniece Ford, Kevin Hensey & Vadim Kostyukhin Def. VIZIO, Inc.'s Mem. P. & A. Opp'n Pls.' Sole Remaining Claim Negligent Omission, ECF No. 59. These arguments could have been properly raised sometime earlier in the litigation; instead, they were proffered to the Court only after judgment had been entered for VIZIO. Accordingly, Plaintiffs' motion for reconsideration, ECF No. 49, is DENIED.[3]

[3] In denying the motion for reconsideration, this Court expresses no opinion as to whether Plaintiffs' putative claim for negligent omission could ultimately lie. Although it may appear as though the Court is giving Plaintiffs' arguments short shrift, Plaintiffs may take solace in the fact that the Court is merely complying with precedent that it is bound strictly to follow.

**SO ORDERED.**

/s/William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE